UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
CHRISTINA SELVAGGIO,

                Plaintiff,                          REPORT AND
                                           RECOMMENDATION
        -against-                         25 CV 7125 (AMD)(RML)

DAWN CARPENTER and
DAWNING REAL ESTATE, INC.,

                Defendants.
--------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated February 26, 2026, the Honorable Ann M. Donnelly, United States District Judge, referred plaintiff's motion to strike defendants' amended affirmative defenses to me. For the reasons stated below, I respectfully recommend that plaintiff's motion be denied.[1]

## BACKGROUND

        Plaintiff *pro se* Christina Selvaggio ("plaintiff") commenced this action on December 30, 2025, asserting claims against defendants Dawn Carpenter and Dawning Real Estate, Inc. ("defendants") for embezzlement under 29 U.S.C. § 1109[2], wire fraud under 18 U.S.C. § 1343, falsifying business records under 26 U.S.C. § 7206, concealment of assets, and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(a) and

---

[1] A "motion to strike an affirmative defense is clearly dispositive of a defense of a party." Specialty Mins., Inc. v. Pluess–Staufer AG, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005). Therefore, a Magistrate Judge considering such a motion must issue a report and recommendation rather than an opinion and order.

[2] This claim may have been withdrawn, as plaintiff indicated in her affidavit, in response to the first claim for relief, that she "respectfully waives claim No. 36 in Original Complaint for 'ERSA [sic],' it was a mistake." (Affidavit of Christina Selvaggio, sworn to Feb. 25, 2026, Dkt. No. 16, ¶ 38.) Paragraph 36 of the Complaint alleges that defendants are liable under ERISA for embezzlement. (See Complaint, dated Dec. 18, 2025, Dkt. No. 1, ¶ 36.)

(d).  (See Complaint, dated Dec. 18, 2025, Dkt. No. 1.)  The complaint alleges that defendants, who managed the homeowners' association in Staten Island, New York where plaintiff was an owner and member until April 2025, engaged in fraudulent misconduct over the course of years that caused plaintiff to suffer more than one million dollars in damages.  (See id. ¶¶ 1–32.) Defendants answered the complaint on January 28, 2026, denying all of plaintiff's allegations and asserting nine affirmative defenses.  (See Answer, dated Jan. 28, 2026, Dkt. No. 11.)

On February 18, 2026, defendants filed an amended answer, again denying all of plaintiff's allegations, and asserting fifteen affirmative defenses as well as a counterclaim for abuse of process.  (See Amended Answer, filed Feb. 18, 2026 ("Am. Answer"), Dkt. No. 15.)  On February 26, 2026, plaintiff filed the instant motion to strike, which Judge Donnelly referred to me.  (See Plaintiff's Motion to Strike Affirmative Defenses, dated Feb. 25, 2026, and Affidavit of Christina Selvaggio, sworn to Feb. 25, 2026 ("Selvaggio Aff."), Dkt. No. 16.)  Defendants filed an opposition on March 12, 2026 (see Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendants' Amended Affirmative Defenses, dated Mar. 11, 2026, Dkt. No. 17-9; Affirmation of Clifford M. Solomon, Esq., dated Mar. 11, 2026, Dkt. No. 17), and plaintiff filed a reply on March 24, 2026 (see Plaintiff's Reply Brief to Defendants' Opposition, dated Mar. 23, 2026, Dkt. No. 18).  By letter dated March 24, 2026, defendants asked the court not to consider plaintiff's reply because it was filed late and contained new arguments not in the original motion. (Letter of Clifford M. Solomon, Esq., dated Mar. 24, 2026, Dkt. No. 19.)

## DISCUSSION

As an initial matter, defendants' amended answer was timely.  As the Second Circuit has explained, most attempts to amend an answer to include a new counterclaim require court permission or consent of the parties.  See GEOMC Co. v. Calmare Therapeutics Inc., 918

2

F.3d 92, 101 (2d Cir. 2019) (citing FED. R. CIV. P. 15(a)(2)).  However, an exception to this rule applies when a counterclaimant seeks to amend its answer within twenty-one days after serving its original answer.  Id. at 100–01 (citing FED. R. CIV. P. 15(a)(1)(A)); see also Thor 680 Madison Ave. LLC v. Qatar Luxury Grp. S.P.C., No. 17 CV 8528, 2022 WL 836890, at *7 (S.D.N.Y. Mar. 21, 2022); LPD New York, LLC. v. Adidas Am., Inc., No. 15 CV 6360, 2020 WL 9886308, at *4 (E.D.N.Y. Mar. 31, 2020).  Since the amended answer was filed twenty-one days after the filing of the original answer, neither the court's permission nor plaintiff's consent was required to file the amended answer and counterclaim.

Next, under Rule 12(f) of the Federal Rules of Civil Procedure, the court may grant a motion to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  "Federal courts have discretion in deciding whether to grant motions to strike, and such motions are generally disfavored and will not be granted unless it appears to a certainty that plaintiff would succeed despite any state of the facts which could be proved in support of the defense."  Chanel, Inc. v. RealReal, Inc., No. 18 CV 10626, 2026 WL 843256, at *3 (S.D.N.Y. Mar. 26, 2026) (citations, internal quotation marks, and alteration omitted); see also Jones v. Equifax Info. Servs., No. 25 CV 1535, 2025 WL 918466, at *3 (S.D.N.Y. Mar. 26, 2025) ("The Second Circuit has cautioned that district courts 'should not tamper with the pleadings unless there is a strong reason for so doing.'" (quoting Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976))).  A plaintiff may prevail on a motion to strike affirmative defenses only when: (1) there is no question of fact that might allow the defense to succeed; (2) there is no question of law that might allow the defense to succeed; or (3) the plaintiff would be prejudiced by inclusion of the defense.  GEOMC Co., 918 F.3d at 96. To determine the factual sufficiency of an affirmative defense, the court must apply the

plausibility standard of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), with recognition that "applying the plausibility standard to any pleading is a 'context-specific' task." <u>Id.</u> at 98 (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009)).  As to the second factor, "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." <u>Id.</u>  Regarding the third factor, a "factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." <u>Id.</u>  The party moving to strike bears the burden of establishing each element of this test. <u>Jones</u>, 2025 WL 918466, at *4 (citing <u>Dorce v. City of New York</u>, No. 19 CV 2216, 2022 WL 16639141, at *2 (S.D.N.Y. Oct. 14, 2022)).

I have reviewed plaintiff's motion and the amended answer, and I find no basis for striking defendants' affirmative defenses.  Plaintiff complains that defendants' affirmative defenses are "boilerplate" (<u>see, e.g.</u>, Selvaggio Aff. ¶¶ 49-62), but that is not a sufficient ground for striking them.  <u>See</u> <u>Douglas v. Albany Police Dep't</u>, No. 24 CV 807, 2024 WL 4818626, at *3 (N.D.N.Y. Nov. 18, 2024); <u>Raymond Weil, S.A. v. Theron</u>, 585 F. Supp. 2d 473, 489–90 (S.D.N.Y. 2008).  No discovery has yet taken place in this case, and it is therefore premature to determine whether these defenses may be relevant and have merit.  <u>See</u> <u>Keane v. Early Warning Servs.</u>, No. 24 CV 6108, 2026 WL 685842, at *5 (S.D.N.Y. Mar. 11, 2026).  I therefore respectfully recommend that plaintiff's motion to strike defendants' affirmative defenses be denied.[3]

---

[3] Plaintiff also appears to be moving to strike defendants' counterclaim. (<u>See</u> Selvaggio Aff. at 23.)  However, "Rule 12(f), which authorizes a motion to strike an insufficient defense or improper material in a pleading[,] should not be used to dismiss [a] counterclaim." <u>GEOMC Co.</u>, 918 F.3d at 101 (citations omitted).  Rather, a "motion to dismiss counterclaims is governed by Rule 12(b)(6)." <u>Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.</u>, 247 F. Supp. 2d 352, 363 (S.D.N.Y. 2002).  Defendants plead a counterclaim for abuse of process, which "has three

(Continued . . . .)

**CONCLUSION**

For the reasons stated above, I respectfully recommend that plaintiff's motion to strike defendants' affirmative defenses be denied.  Any objection to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  Failure to file objections in a timely manner may waive a right to appeal the District Court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

*Robert M. Levy*
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       June 3, 2026

---

essential elements: (1) regularly issued process, either civil or criminal (2) an intent to harm without excuse or justification and (3) use of process in a perverted manner to obtain a collateral objective." Panish v. Steinberg, 819 N.Y.S.2d 549, 550 (2d Dep't 2006) (citations omitted).  The counterclaim asserts that "[o]ver the last several years, plaintiff has embarked on a course of harassing and maliciously vindictive conduct where plaintiff has falsely accused defendants of financial improprieties relating to Dawning managing and operating the Doe Court Homeowners Association pursuant to a management contract with the Doe Court Homeowners Association." (Am. Answer ¶ 64.)  This allegedly includes an unsuccessful effort by plaintiff "to have the District Attorney of Staten Island ('DA') indict defendants for larceny based on the false accusations by plaintiff that defendants stole property from the Doe Court Homeowners Association." (Id. ¶ 65.)  Plaintiff does not move to dismiss defendants' counterclaim under Rule 12(b)(6) or deny that she filed a criminal complaint against defendants and that the DA found no wrongdoing on defendants' part.  I recommend that, to the extent plaintiff moves to strike the counterclaim, the motion be denied.